Cardillo & Corbett
Attorneys for Defendant
COSMOTRADE EXPORTS SA
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
James P. Rau (JR-7209)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
NECOSHIP ITALIA SPA,                    :        07 Civ. 8857 (JGK)

                    Plaintiff,          :               **EFC**

            -against-                   :        **VERIFIED ANSWER**
                                                 **AND COUNTERCLAIM**
COSMOTRADE EXPORTS SA,                  :
COSMOTRANS NAVIGATION SA and
COSMOFREIGHT INC.,                      :

                    Defendants.    :
--------------------------------x

        Defendant, COSMOTRADE EXPORTS SA (hereinafter

referred to as "Defendant"), by and through its attorneys,

Cardillo & Corbett, as and for its Answer to the Amended

Complaint of NECOSHIP ITALIA SPA (hereinafter referred to as

"Plaintiff"), and as and for its counterclaim against

Plaintiff, alleges, upon information and belief, as follows:

        1.    Admits the allegations of paragraph 1 of the

Complaint.

        2.    Denies knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph 2

of the Complaint.

        3.    Admits the allegations of paragraph 3 of the

Complaint.

4.    Admits the allegations of paragraph 4 of the
Complaint.

5.    Denies the allegations of paragraph 5 of the
complaint, except admits that Cosmotrans Navigation SA
sometimes acted as an agent of Defendant.

6.    Denies the allegations of paragraph 6 of the
complaint.

7.    Admits the allegations of paragraph 7 of the
Complaint.

8.    Denies the allegations of paragraph 8 of the
Complaint, except admits that the charter party contains a
description of the cargo gear.

9.    Denies the allegations of paragraph 9 of the
Complaint, except admits that there were some stoppages with
respect to these two cranes.

10.    Denies the allegations of paragraph 10 of the
Complaint, except admits that there were some stoppages with
respect to these two cranes.

11.    Denies the allegations of paragraph 11 of the
Complaint.

12.    Denies the allegations of paragraph 12 of the
Complaint.

13.    Denies knowledge or information sufficient to
form a belief as to the truth of the allegations of paragraph

2

13 of the Complaint.

       14.  Denies the allegations of paragraph 14 of the Complaint.

       15.  Denies the allegations of paragraph 15 of the Complaint.

       16.  Denies the allegations of paragraph 16 of the Complaint.

       17.  Denies the allegations of paragraph 17 of the Complaint.

       18.  Denies the allegations of paragraph 18 of the Complaint.

       19.  Denies the allegations of paragraph 19 of the Complaint.

       20.  Denies the allegations of paragraph 20 of the Complaint.

       21.  Denies the allegations of paragraph 21 of the Complaint.

       22.  Denies the allegations of paragraph 22 of the Complaint.

       23.  Denies the allegations of paragraph 23 of the Complaint.

       24.  Admits the allegations of paragraph 24 of the Complaint.

25.    Denies the allegations of paragraph 25 of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27.    Admits that interest, costs and attorneys' fees are routinely awarded in London arbitration, and except as so admitted denies the remaining allegations of paragraph 27 of the Complaint.

28.    Denies the allegations of paragraph 28 of the Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31.    Denies the allegations of paragraph 31 of the complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33.    Denies the allegations of paragraph 33 of the Complaint, except admits that payments were made to

4

Cosmofreight Inc.

34.   Denies the allegations of paragraph 34 of the complaint.

35.   Denies the allegations of paragraph 35 of the Complaint, except admits that the charter party contains a description of the disponet owner of the Vessel.

36.   Denies the allegations of paragraph 36 of the complaint.

37.   Denies the allegations of paragraph 37 of the complaint.

38.   Denies the allegations of paragraph 38 of the complaint.

39.   Paragraph 39 of the Complaint is a legal conclusion that does not require an Answer.

40.   Paragraph 40 of the Complaint is a legal conclusion that does not require an Answer.

### AS AN AFFIRMATIVE DEFENSE

41.   Defendant reserves the right to submit all claims to arbitration in London and to have this action stayed pending arbitration.

### AS A COUNTERCLAIM

42.   Pursuant to the terms of the Charter Party dated July 6, 2007 (the "Charter") between Plaintiff and Defendant, Plaintiff was responsible to pay for any and all

5

stevedore damage to the M/V ORIENTAL MOON (the "Vessel"),
including the time and expenses for any such repairs.

43.    On or about August 20, 2007 during the
discharge of the Vessel in the port of Sete, the stevedores
handling the shore crane dropped some of the cargo, damaging
the hatch coaming and rails on the port side of the Vessel.

44.    The Master by Stevedore Damage Report dated
August 20, 2007, notified Plaintiff and their agents of the
above described stevedore damage.

45.    Following discharge the Vessel deviated to
Piraeus, Greece where she underwent repairs of the stevedore
damage during the period of August 28, 2007-September 1, 2007.

46.    The total time lost to Defendant for the
deviation and repair of the stevedore damage was 3.26 days.
The resultant loss of hire to Defendant totals $37,663.04,
representing the time charter rate under the Charter Party of
$12,000 per day x 3.26 days (less commissions).

47.    The cost of repairs for the stevedore damage
was $32,280.68, which Defendant has paid to the head owner of
the Vessel and for which loss it is entitled to recover from
Plaintiff who is responsible for said damage under the Charter
Party.

48.    In addition, Defendant has incurred the costs
of additional bunkers (fuel oil) during the deviation to

6

Greece for the repairs in the sum of $7598.27.

49.   As a consequence of the aforesaid stevedore damage to the Vessel, Defendant has suffered damages in the amount of $77,541.99.

50.   After giving Plaintiff credit for amounts paid as reflected in Defendants' prefinal hire statement to it, the amount due and outstanding to Defendant for the above stevedore damage is $69,197.11.

51.   Despite due demand, Plaintiff has failed to pay or otherwise secure Defendant's claim.

52.    Interest, costs, attorneys' fees and arbitrators' fees are routinely awarded to the prevailing party in London arbitration.  As best as now can be estimated, Defendant expects to recover the following amounts in the arbitration:

|  |  |
|---|---|
| A. Principal Claim | $69,197.11 |
| B. Interest | $14,531.39 |
| C. Attorneys' fees'/expenses | $80,000.00 |
| D. Arbitrators' fees/expenses | $30,000.00 |
| TOTAL | $163,728.50 |

53.   This counterclaim arises out of the same transaction or occurrence with respect to which this action was originally filed.  Plaintiff has attached funds belonging

7

to Defendant pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Defendant is entitled to security for its counterclaims pursuant to Rule E(7) thereof.

**WHEREFORE**, Defendant prays:

A.   That the verified complaint be dismissed and the attachment of Defendant's property be vacated; or, alternatively,

B.   That pursuant to Rule E(7)(a), the Court order Plaintiff to give security to the Defendant for the damages demanded in the counterclaim in the sum of $163,728.50.

C. That the matter be otherwise stayed pending arbitration in London; and

D.   For such other and further relief as to this Court may seem just and equitable.

Dated:    New York, New York
          February 14, 2008

CARDILLO & CORBETT<br>
Attorneys for Defendant<br>
COSMOTRADE EXPORTS SA<br>
<br>
By:_____<br>
   James P. Rau (JR7209)

8

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

      1.   My name is James P. Rau.

      2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

      3.   I am a partner in the firm of Cardillo & Corbett, attorneys for the Defendant.

      4.   I have read the foregoing Verified Answer and Counterclaim and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

      5.   The reason why this Verification is being made by the deponent and not by the Defendant is that the Defendant is a business organization with no officers or directors now within this District.

      6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Defendant and agents and/or representatives of the Defendant.

9

        7.    I am authorized to make this Verification on

behalf of the Defendant.

                                         _____
                                              James P. Rau

Sworn to this 14th day
of February, 2008

**TULIO R. PRIETO**
Notary Public, State of New York
No. 02PR6070011
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 19, 2010

                          10