UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NECOSHIP ITALIA SPA,

                Plaintiff,                        07 Civ. 8857 (JGK)

   - against -                                    ECF CASE

COSMOTRADE EXPORTS SA, COSMOTRANS
NAVIGATION SA and COSMOFREIGHT INC.,

                Defendants.
-------------------------------------------------------------------X

## ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES

Plaintiff, NECOSHIP ITALIA SPA ("Plaintiff"), by and through its undersigned counsel, Lennon, Murphy & Lennon, LLC, answering the allegations set forth in Defendant COSMOTRADE EXPORTS SA's ("Defendant") Verified Answer and Counterclaim dated February 14, 2008 in paragraphs 42-53 ("Counterclaim"), alleges, upon information and belief, as follows:

42.    Plaintiff admits that it entered into the Charter with Defendant, and admits that under clause 50 of the Charter, Plaintiff (as Charterers) agreed to "pay for any and all damage to the vessel caused by stevedores" subject to the further provisions of clause 50 and sub-clauses 50(a) and 50(b), but otherwise denies the allegations set forth in paragraph 42 of the Counterclaim.

43.    Admits. Plaintiff further avers that the incident occurred during shifting of the cargo by stevedores in the port of Sete which was at the request of the Master and without Plaintiff's prior authorization or agreement.

44.    Admits.

45.    Admits that the Vessel underwent repairs during the period August 29 2007 to September 1 2007 in Piraeus, Greece after the Vessel had been redelivered by Plaintiff to Defendant under the Charter, but otherwise denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 45 of the Counterclaim.

46.    Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 46 of the Counterclaim.

47.    Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 47 of the Counterclaim.

48.    Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 48 of the Counterclaim.

49.    Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 49 of the Counterclaim.

50.    Denied.

51.    Denies the allegations of paragraph 51, except that admits that Plaintiff has not paid Defendant for any of the alleged claims set forth in the Counterclaim.

52.    Admits that interest, costs and attorneys fees are routinely awarded in London arbitration, and except as so admitted denies the remaining allegations of paragraph 52.

53.    Calls for a legal conclusion such that no answer is required, except that admits that Plaintiff has attached funds of the Defendant pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

Plaintiff is not liable to Defendant on the causes of action alleged in the Counterclaim.

### Third Affirmative Defense

Defendant's claims are barred by the equitable doctrine of unclean hands.

### Fourth Affirmative Defense

Defendant's claims are barred by the equitable doctrine of laches.

### Fifth Affirmative Defense

Defendant has failed to mitigate its damages.

### Sixth Affirmative Defense

Plaintiff relies upon clause 50(b) of the Charter, which provides that any and all damage to the vessel caused by stevedores that does not affect the vessel's seaworthiness and/or safety of the crew and/or the trading capabilities of the vessel, shall be repaired at Charterers' option before or after redelivery concurrently with the Owners' work and in such case, no hire and/or expense will be paid to the Owners save in the circumstances set out in clause 50(b).

### Seventh Affirmative Defense

Any damages sustained by the Defendant, as alleged in the Counterclaim, were proximately, directly or solely caused by the negligent acts of third persons over whom Plaintiff had no direction or control.

### Eighth Affirmative Defense

Defendant knowingly and intentionally assumed any and all risk inherent in the shipment of goods at issue by sea, which is a complete bar to recovery.

### Ninth Affirmative Defense

Any damages that may have been sustained by Defendant, as alleged in the Counterclaim, occurred as a direct result of Defendant's own negligent conduct, and not by any negligence of Plaintiff and as such Defendant is barred from recovery in this action.

### Tenth Affirmative Defense

Defendant is guilty of culpable conduct in the events giving rise to the claims now asserted in Defendant's Counterclaim, and its recovery, if any, must be diminished in proportion thereto.

### Eleventh Affirmative Defense

This Answer is made without waiver of any defenses or rights to arbitrate that may exist between the parties. Further, this Answer is made without waiver of Plaintiff's right to request security for the costs of posting counter-security pursuant to Rule E(2)(b).

### Twelfth Affirmative Defense

The claims for which security is sought are contingent, unaccrued, premature and/or not ripe for adjudication and should result in the denial of countersecurity.

**WHEREFORE**, Plaintiff prays:

A.  That the Court deny Defendant's request for countersecurity and dismiss Defendant's Counterclaim;

B.  That in the alternative, the Court reduce Defendant's countersecurity in its discretion;

C.  That in the further alternative, the Court grant Plaintiff additional security for the costs of posting the counter-security pursuant to Supplemental Rule E(2)(b);

  D. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: April 8, 2008
   New York, NY

            The Plaintiff,
            NECOSHIP ITALIA SPA

          By: _____
            Patrick F. Lennon (PL 2162)
            Nancy R. Peterson (NP 2871)
            LENNON, MURPHY & LENNON, LLC
            The GrayBar Building
            420 Lexington Ave., Suite 300
            New York, NY 10170
            (212) 490-6050 – phone
            (212) 490-6070 – fax
            pfl@lenmur.com
            nrp@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on April 8, 2008, a copy of the foregoing Answer to Counterclaim and Affirmative Defenses was filed electronically and served by FedEx, return receipt mail and/or facsimile on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Nancy R. Peterson (NP 2871)