```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NECOSHIP ITALIA SPA,                :
                                    :      07 Civ. 8857 (JGK)
                Plaintiff,          :
                                    :          ECF
                                    :
        -against-                   :
                                    :
                                    :
COSMOTRADE EXPORTS SA,              :
COSMOTRANS NAVIGATION SA and        :
COSMOFREIGHT INC.,                  :
                                    :
                                    :
                Defendants.         :
------------------------------------x
```

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF COUNTER-SECURITY ON COUNTERCLAIM**

 

CARDILLO & CORBETT
Attorneys for Defendant
COSMOTRADE EXPORTS SA
29 Broadway
New York, New York 10006
(212)344-0464

Of Counsel
James P. Rau

**PRELIMINARY STATEMENT**

Defendant COSMOTRADE EXPORTS SA ("Cosmotrade") submits this Memorandum of Law in support of its motion for an Order, pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rules"), directing plaintiff NECOSHIP ITALIA SPA ("Necoship"), to provide counter-security for Cosmotrade's counterclaim.

This admiralty action was commenced by Necoship to obtain process of maritime attachment and garnishment ("PMAG") under Rule B of the Supplemental Rules, for security of its claims against Cosmotrade which are to be resolved by arbitration in London. Necoship obtained an ex parte Order for the issuance of PMAG's against the assets of Cosmotrade, and the other two named defendants as its alleged agents, in the amount of $230,769.47, including estimated future interest, attorneys' fees and arbitration costs and expenses. Necoship has restrained the full amount of its claim.

Necoship's claim arises out of a charter party of the M/V ORIENTAL MOON (the "Vessel"), in which Cosmotrade was the disponent owner and Necoship was the charterer. Cosmotrade has a counterclaim against Necoship for $163,782.50 for the time and costs of repairs of stevedore damage to the Vessel arising under the same charter party, including interest at the same rate and period as in Necoship's complaint and the same estimates for

attorneys' fees and arbitration costs.

The Court is respectfully referred to the Affidavit of James P. Rau, sworn to on April 21, 2008, and the exhibits thereto.

Under the law, Necoship should be ordered to provide counter-security in the amount of Cosmotrade's counterclaim. Additionally, Cosmotrade requests that the Court's order specify that if Necoship fails to provide security within 10 business days after the Court's order, then the attachment should be vacated, all restrained funds released and the action dismissed.

## ARGUMENT

### POINT I

**COSMOTRADE IS ENTITLED TO COUNTER-SECURITY FOR THE DAMAGES DEMANDED IN ITS COUNTERCLAIM**

Cosmotrade is entitled to counter-security, which is to be posted by Necoship to cover the damages alleged in Cosmotrade's counterclaim, as provided in Supplemental Rule E(7). Rule E(7)(a) provides:

> (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in

> the counterclaim, unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

Cosmotrade has met the requirements of Rule E(7) in that its counterclaim arises out of the same transaction and that it has given security to Necoship for its claims. Although the requirements of Rule E(7) are satisfied, the district court has "broad discretion in deciding whether to order countersecurity" Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc., 56 F.3d 394, 399-400(2d Cir. 1995). The two principles that should guide the court in the exercise of this discretion are (1) "to place the parties on equality as regards security" and (2) the countervailing need not to "impose burdensome costs on a plaintiff which might prevent it from bringing suit". Id. However, with respect to the latter, "financial difficulties do not automatically excuse the countersecurity requirement". Tang Kheok HWA Rosemary v. Jaldhi Overseas Pte. Ltd, 531 F.Supp.2d 586, 590 (S.D.N.Y. 2008).

The application of these principles requires countersecurity to be granted. Indeed, to do otherwise, would frustrate the purpose of Rule E(7), to place the parties on equal footing as regards security and thereby afford reciprocal protection. Finecom Shipping Ltd. v. Multi Trade Enterprises AG, 2005 A.M.C.

2952 (S.D.N.Y. 2005) ("plaintiff has not shown good cause to refuse an order of countersecurity, and the goal of putting the parties on an even footing is best served by ordering countersecurity"); <u>Front Carriers Ltd. v. Transfield ER Cape Ltd.</u>, 2007 U.S. Dist. LEXIS 85177 (S.D.N.Y Nov. 19, 20070 (the "Court finds the first Result Shipping principle strongly favors granting countersecurity in this action in order to avoid the 'potential injustice of requiring [Transfield] to post security without affording reciprocal protection' to Transfield"); <u>Voyager Shipholding Corp. v. Hanjin Shipping Co., Ltd.</u>, 2008 U.S Dist. LEXIS 11045 (S.D.N.Y Feb. 13, 2008).

## POINT II

### DEFENDANTS' FUNDS SHOULD BE RELEASED IF NECOSHIP DOES NOT PROVIDE SECURITY

Rule(7)(a) provides that the plaintiff's claim must be stayed until counter-security is given, unless the Court orders otherwise. However, in the present case, the action will be stayed in any event pending arbitration in London. Therefore, merely staying the proceedings would not be a remedy if Necoship fails to provide security.

It is long established that the purpose of Rule E(7) is to place the parties on an equal footing. <u>Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc.</u>, 56 F.3d at 399 (quoting <u>Washington-Southern Navigation Co. v. Baltimore & Philadelphia</u>

Steamboat Co., 263 U.S. 629, 638-39 (1924)). Clearly, when one party posts security and the other fails to comply with a court order to do the same, that policy is violated.

To implement the purpose of Rule E(7), the Court's order directing counter-security usually also directs that plaintiff's attachment will be vacated if it fails to comply with the order within ten business days. See Americas Bulk Transport Ltd. v. Volcano Shipping S.A., 2008 U.S. Dist. Lexis 4269 *3(S.D.N.Y. Jan. 18, 2008)("if plaintiff fails to provide such countersecurity within ten business days of this Order, the September 13, 2007, attachment issued in this matter will be vacated"); Finecom Shipping Ltd. v. Multi Trade Enterprises AG, 2005 A.M.C. at 2954 (same); Front Carriers Ltd. v. Transfield ER Cape Ltd., 2007 U.S. Dist. LEXIS 85177 *15 (S.D.N.Y Nov. 19, 2007)(same).

In the present case, the security posted by Cosmotrade should also be released as a matter of the Court's discretion if Necoship fails to provide security within ten business days of the Court's Order requiring counter-security as provided therein. See Verton Navigation, Inc. v. Caribica Shipping Ltd., 1992 U.S. Dist. LEXIS 517 (S.D.N.Y. January 21, 1992)(vacating plaintiff's attachment for failure to comply with court's order requiring it to provide counter-security for a defendant's counterclaim).

## CONCLUSION

For all the foregoing reasons, plaintiff Necoship Italia SPA should be ordered to provide counter-security for Cosmotrade Exports SA's counterclaim and should plaintiff fail to comply, plaintiff's attachments should be dismissed and the attached funds released.

Dated: New York, New York
April 21, 2008

                        Respectfully submitted,

                        CARDILLO & CORBETT,
                        Attorneys for Defendant
                        COSMOTRADE EXPORTS SA

By: _____
     James P. Rau (JR 7209)

     29 Broadway, Suite 1710
     New York, New York 10006
     212-344-0464